

IN THE
TENTH COURT OF APPEALS

No. 10-16-00202-CR

IN RE WILLIAM M. WINDSOR

Original Proceeding

## CONCURRING OPINION

While I concur with the Court's disposition of this original proceeding, I write separately to discuss Relator William M. Windsor's issues for the benefit of the parties.

The Appendix in this original proceeding for a writ of mandamus reflects that an Ellis County grand jury indicted Windsor for the offense of Bail Jumping and Failure to Appear. *See* TEX. PENAL CODE ANN. § 38.10 (West 2011). *See generally Ex parte Windsor*, No. 10-14-00401-CR, 2016 WL 192303, at *5-6 (Tex. App.—Waco Jan. 14, 2016, pet. ref'd) (mem. op., not designated for publication). The Ellis County District Clerk filed the indictment on January 14, 2015 in the 40th District Court and docketed it as cause number 39,746 CR.

Windsor's Appendix further reflects that the State filed a motion to dismiss the

case without prejudice on May 7, 2015, and on that same day, the Respondent trial judge signed an order dismissing the "above entitled and numbered cause" without prejudice. *See* TEX. CODE CRIM. PROC. ANN. art. 32.02 (West 2006) (providing that State may dismiss criminal action with presiding judge's consent). The State's motion to dismiss and the trial court's order state the reason for dismissal, as required by article 32.02.[1] *See id.*

After the case's dismissal, Windsor purportedly filed a motion for recusal of the Respondent trial judge and a motion to quash the indictment.[2] A letter to Windsor from the Presiding Administrative Judge reflects that Windsor sent a notice to the Presiding Administrative Judge complaining that the Respondent trial court judge had failed to act on Windsor's motion for recusal. The Presiding Administrative Judge informed Windsor that "no court has jurisdiction to take action in your case because the case was dismissed in May 2015. … The order of dismissal means that there is no pending case."

In his petition for writ of mandamus, Windsor's first issue complains that the Respondent trial judge is not considering and ruling on his post-dismissal motions. Because the State's case against Windsor has been dismissed, I would hold that the Respondent trial judge does not have jurisdiction to consider and rule on Windsor's post-dismissal motions.

---

[1] The State's reason for dismissal was that Windsor was in custody in Montana and that the State would pursue the indictment and arrest of Windsor when the Montana prosecution was complete or near completion.

[2] Windsor's Appendix includes these post-dismissal motions, but they are not file-marked. There is thus no showing that the post-dismissal motions have even been filed by the district clerk.

Windsor's third issue requests that we grant his motion to quash the indictment. I believe that we do not have jurisdiction to rule on Windsor's post-dismissal motion to quash, even if it was actually filed in the now-dismissed case, because there is no pending case. Further, to the extent that Windsor's request that we grant his motion to quash the indictment is actually a request for habeas corpus relief, I note that we lack original habeas corpus jurisdiction in criminal-law matters. *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). I would thus hold that we lack jurisdiction to address Windsor's motion to quash the indictment in this original proceeding.

Windsor's second issue asserts that his criminal case could not be closed or dismissed without prejudice because there is a pending or "open" indictment and arrest warrant against him. As discussed above, article 32.02 authorizes the State to dismiss a criminal action with the trial court's consent, and Windsor cites no contrary authority. Plainly, Windsor's case could be dismissed at the State's request in compliance with article 32.02.

Windsor's real complaint appears to be that the case was dismissed without prejudice, that the State has asserted that it will again pursue the indictment and arrest of Windsor, and that Windsor seeks to avoid arrest and prosecution. I would construe this complaint as one seeking habeas corpus relief, and as noted above, we lack original habeas corpus jurisdiction in criminal-law matters. I would thus hold that we lack jurisdiction to address this complaint.

For the above reasons, I would deny Windsor's petition for writ of mandamus in part and dismiss it in part for lack of jurisdiction.


REX D. DAVIS
Justice

Concurring opinion delivered and filed August 31, 2016
Do not publish

